UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CECIL JEROME HATCHETT,

Petitioner,

v.

KEN CLARK,

Respondent.

No.  2:20-cv-1544-EFB P

ORDER

Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed an application to proceed in forma pauperis.  ECF No. 2.  His application makes the required showing and is granted.  His petition, however, does not state a cognizable federal habeas claim for the reasons explained below.

I.      Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted.  28 U.S.C. § 1915A(b)(1),(2).  The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

/////

/////

1

II.     Analysis

The petition, as currently articulated, is difficult to comprehend.  Petitioner begins by alleging that prison officials at Folsom State Prison violated his due process rights and subjected him to cruel and unusual punishment by improperly housing him at a "level four" institution. ECF No. 1 at 4.  He takes issue with his housing assignment insofar as it ultimately led to a fight with another inmate and, based on that altercation, a new, indeterminate sentence of fifty-five years.  *Id.*  The petition then descends into inscrutability and, over approximately thirteen pages, petitioner describes various events that occurred during his prison tenure.  *Id.* at 5-18.  These pages are unbroken by paragraphs or headings and it is impossible to tell which incidents might represent separate claims and which are being offered merely as factual context.  At bottom, it is unclear whether the essence of petitioner's claim is that he was housed incorrectly by prison officials or whether the conviction that followed was itself unconstitutional.  The former claim is fundamentally incompatible with a federal habeas action insofar as it does not challenge the validity or duration of confinement.  *See* 28 U.S.C. 2254(a).  The latter might potentially be cognizable, but not as currently plead.

The court also notes that petitioner has not adequately plead exhaustion.  *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (petitioner bears burden of showing he has exhausted state remedies).  He asserts that he exhausted his claims, but has offered no details – he offers only the assertion "unknown" for the date of the final state decision and the grounds raised at the state level.  ECF No. 1 at 2.

Finally, it appears that the conviction petitioner is challenging stems from 2003.  *Id.* at 1. Thus, it appears to lie well beyond the one year statute of limitations.  *See* 28 U.S.C. § 2244(d).

Petitioner may address aforementioned deficiencies in his amended petition (if he elects to file one).

III.    Conclusion

Based on the foregoing, it is ORDERED that:

1.  Petitioner's application to proceed in forma pauperis (ECF No. 2) is GRANTED; and

/////

1          2.  Petitioner may file an amended petition within thirty days from the date of service of

2   this order.  Failure to do so will result in a recommendation that this action be dismissed.

3   DATED:  September 28, 2020.

4

5                                                                    EDMUND F. BRENNAN
                                                                 UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28