UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>             Petitioner,<br><br>       v.<br><br>KEN CLARK,<br><br>             Respondent. | Case No.  2:20-cv-01544-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS AT SCREENING WITHOUT PREJUDICE<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF Nos. 9 & 10<br><br>ORDER THAT CLERK'S OFFICE ASSIGN CASE TO A DISTRICT JUDGE |

     Petitioner Cecil Jerome Hatchett, a state prisoner proceeding without counsel, seeks a writ of habeas corpus.  After his initial petition was dismissed with leave to amend on screening, ECF No. 7, petitioner filed an amended petition and addendum, ECF Nos. 9 & 10.  I find, after screening the amended petition and addendum, that petitioner has not stated a cognizable habeas claim.  I recommend, for the reasons stated below, that the petition be dismissed.

     The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to a habeas proceeding must examine the petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.

*See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Here, it plainly appears that he is not entitled to relief.

Petitioner claims that the California Department of Corrections and Rehabilitation ("CDCR") incorrectly calculated his inmate classification score and assigned him to a higher security installation than he deserved. ECF No. 10 at 1. He alleges that he was not released at the expiration of his original sentence because, during his time at the high security installation, he received two additional sentences—one in Sacramento County Superior Court and another in Monterrey County Superior Court. *Id.* at 2. Petitioner argues that he would not have received these additional sentences if CDCR had correctly calculated his classification score and placed him in an institution that was not full of the "top violent offenders." *Id.* at 1-2.

Separately in his addendum, petitioner references a "movie about a college football athlete" who was falsely accused of rape. ECF No. 9 at 2. I find the content of the addendum difficult to understand and to connect to the claims in the petition. Regardless, the addendum does not alter the legal analysis.

Inmates have no due process right to a particular classification or prison assignment. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) ("Magistrate Burgess correctly concluded that 'a prisoner has no constitutional right to a particular classification status.'"); *Dobshinsky v. Pleasant Valley State Prison*, 332 Fed. Appx. 428, 429 (9th Cir. 2009) ("The district court properly determined that Dobshinsky's allegations regarding his classification score and resulting placement at a high security facility failed to state a constitutional claim because no federal due process right is implicated by a prison's classification and transfer decisions.") (unpublished). Thus, petitioner cannot challenge his convictions based on state officials' incorrect calculation of his classification score or prison assignment. The convictions at issue here might still be challenged on other grounds, but that question is not presented in the petition.

It is therefore ORDERED that the clerk of court is directed to assign this case to a U.S. District Court Judge who will review the foregoing findings and recommendations.

I RECOMMEND that the court dismiss the amended petition for a writ of habeas corpus, ECF No. 10, and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   December 17, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE